# Furgang & Adwar, L.L.P.

COUNSELORS IN INTELLECTUAL PROPERTY AND ENTERTAINMENT LAW

Philip Furgang
Stephanie Furgang Adwar

Donna L. Miele
Donna C. Sobel

Of Counsel:
Armando Llorens
Sheldon Palmer
Ronald S. Goldbrenner
Bertrand M. Lanchner

Centerock East
2 Crosfield Avenue, Suite 210
West Nyack, NY 10994

Telephone: (845) 353-1818
Facsimile: (845) 353-1996

www.furgang.com
info@furgang.com

January 24, 2018

Hon. Denise L. Cote
U.S. District Court Judge
Daniel Patrick Moynihan
    United States Courthouse
500 Pearl St.
New York, NY 10007-1312

RE:    Paul Steeger v. JMS Cleaning Services, Inc.
         Index No. 1:17-cv-8013
         <u>Our File No.        :        11571</u>

Dear Judge Cote:

      We are writing this letter on behalf of Defendant JMS Cleaning Services, LLC ("JMS"). Our firm is appearing only for the limited purpose of filing this letter request that Plaintiff in this matter be required to file an order to show cause why he should not be required to post security for costs as a condition of proceeding further with this action. This relief has not previously been requested.

## Status of Action

      JMS is a mom and pop office cleaning business which used on its website a photograph it obtained from a "free photo download" site on the internet in 2013. Several months ago, in July, 2017, the principal of JMS, Louie Ahmetaj, received in his P.O. Box, a draft complaint and demand letter from Plaintiff. JMS immediately took the photo down from its website and contacted an attorney and asked him to contact Plaintiff's attorney. Defendant's counsel advised Plaintiff's counsel of the photo's removal and offered a settlement and Plaintiff was supposed to speak to his client and respond. He did not.

      Instead, on October 18, 2017, Plaintiff filed the Complaint in this action. JMS had not yet been served. Instead, in or about early November, Ahmetaj was checking on a property he owns, but at which he does not reside, and the tenant handed him some mail which included a mailed copy of the Complaint.

      On November 8, 2017, our firm was retained to investigate this issue and I telephoned Plaintiff's counsel to discuss the facts of the case and potential settlement. I also advised Plaintiff's counsel that Defendant had still not been served. Plaintiff's counsel stated that he would get back

New York City  1325 Avenue of the Americas,  28th Floor,  New York, NY 10019  Tel: (212) 725-1818  Fax: (212) 941-9711
White Plains  11 Martine Avenue,  Penthouse,  White Plains, NY 10606  Tel: (914) 428-5300  Fax: (914) 428-0226

PATENTS  ❖  TRADEMARKS  ❖  COPYRIGHTS  ❖  ENTERTAINMENT

Furgang & Adwar, L.L.P.

Hon. Denise L. Cote
January 24, 2018
Page 2

to me with regard to Defendant's offer of settlement. To date, I have still heard nothing from Plaintiff's counsel.

As a matter of due diligence, I checked the ECF system and discovered that on November 9, 2017 (the day after I spoke with Mr. Leibowitz), this Court had ordered a status conference for January 19, 2018 and had ordered Plaintiff to serve same upon Defendant. It was never served upon Defendant. Plaintiff's counsel could easily have called my office as a matter of courtesy to advise me of this notice. He did not. Instead, I advised my client of the conference date and they decided to wait to be served the answer and the notice.

On January 12, 2018, my client's principal called and requested I look at the ECF filings to check on matters, as Defendant had still not been served. I did and discovered that Plaintiff had served the Defendant with the Answer on December 12, 2017, by serving the Secretary of State of the State of New York. Unfortunately, Defendant had changed its address for service and Defendant's accountant had not advised the State, so Defendant never received the Complaint. It is unfortunate that this occurred, because not only would a simple google search of my client's name gives the Home Advisor site which has the business address for Defendant (which is also the home address of its principals), but Plaintiff's counsel had my name and number and did not bother to extend the courtesy of contacting this office at any time to advise our firm of the service of the Complaint or the status conference date.

I advised Mr. Ahmetaj of the Status Conference scheduled for the 19th and as Defendant could not afford to retain our firm for the appearance, he and his wife (owners of Defendant JMS) appeared. Unfortunately, when they arrived at Court, they learned that the conference had be adjourned.

Mr. Ahmetaj contacted me and advised me what happened. I accessed ECF and discovered Plaintiff's intent to file a default judgment. My client retained our firm for the sole purpose of contacting the Court on its behalf.

**Facts Pertaining to the Action**

Defendant is a corporation and is required to be represented by counsel. Unfortunately, they are a tiny company and cannot afford to even have counsel appear at a status conference.

The Court may be aware that the Plaintiff is represented by the Law Office of Richard Leibowitz. I have been advised that Mr. Leibowitz has filed over 500 copyright infringement cases before the Southern and Eastern Districts of New York (one of which is a case before Judge Abrams where we were local counsel). (See Law360 article regarding "copyright trolls", attached hereto as Exhibit A.) Many of these filed cases are de minimus cases filed with the intent to force parties to pay high settlement figures or have no choice but to expand large sums of money to litigate. This case is no different.

In this case, Defendant accessed the photo from a free download website in 2013. And while there is a copyright registration, it was not filed until over 3 years after Defendant started to use the photo, eliminating the availability of statutory damages or attorneys' fees. Further, use of the photo garnered no income, and there are almost identical photos available online for license for $12.00. Plaintiff's entire possible collection, if successful, would be $12.00.

Furgang & Adwar, L.L.P.

Hon. Denise L. Cote
January 24, 2018
Page 3

      In the case before Judge Abrams (referenced above), Judge Abrams said that due to the de minimus nature of the proceeding she was going to follow the way that Judge Kaplan went with similar cases filed by this attorney before him and ordered Mr. Leibowitz to file an file an order to show cause why he should not be required to post security for costs as a condition of proceeding further with this action pursuant to Local Civil Rule 54.2. Mr. Leibowitz did not file the motion. That action was dismissed, instead. (See Order and Dismissal, attached hereto as Exhibit B)

      Due to the harassing and trolling nature of this suit, the amount of actual damages ($12), and the damage which my client would unquestionably bear, including likely bankruptcy, we ask the Court to order Plaintiff to file an order to show cause why he should not be required to post security for costs as a condition of proceeding further with this action pursuant to Local Civil Rule 54.2.

      We thank the Court for its consideration.

                          Respectfully submitted,

                          STEPHANIE FURGANG ADWAR
                          Furgang & Adwar, L.L.P.
                          2 Crosfield Avenue, Suite 210
                          West Nyack, NY 10994
                          (845)353-1818
                          *stephanie@furgang.com*