```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :    17cv8013(DLC)
PAUL STEEGER,                            :
                       Plaintiff,        :    MEMORANDUM OPINION
                                         :         AND ORDER
             -v-                         :
                                         :
JMS CLEANING SERVICES LLC,               :
                                         :
                       Defendant.        :
                                         :
---------------------------------------- X
```

DENISE COTE, District Judge:

    This action was commenced on October 18, 2017.  This Order requires plaintiff's counsel to show cause why he should not be sanctioned.

    The defendant was served through the Secretary of State on December 12, 2017.  On January 13, 2018, the plaintiff submitted a letter to the Court requesting an adjournment of the Initial Pretrial Conference, scheduled for January 19, 2018, stating that the defendant had not responded to the Complaint and the plaintiff intended to file a motion for a default judgment.  On January 16, the Court granted plaintiff's request, ordering plaintiff's motion for entry of default due on January 26, 2018.  The January 13, 2018 letter gave no indication that the following had occurred.

    According to a January 24, 2018 letter from defense counsel, the following is the history of communication between

the parties in this action. Plaintiff first contacted the defendant in July 2017 by delivering a draft complaint and demand letter to a P.O. Box for a principal of the defendant. Soon thereafter, an attorney for the defendant spoke with plaintiff's attorney, Richard P. Liebowitz. That attorney offered to settle the case, and informed Mr. Liebowitz that the alleged infringing photograph had been removed from defendant's website. Mr. Liebowitz represented that he would present the settlement offer to his client for his consideration. Mr. Liebowitz did not call back or respond to the defendant's offer. Instead, plaintiff filed this action in October.

On November 8, defendant's current counsel spoke with plaintiff's counsel. In this second call, defendant's counsel again attempted to reach a settlement, and also noted that the defendant had not yet been served. Although plaintiff's counsel promised to respond to this offer of settlement, he did not do so.

The next day, on November 9, 2017, this Court issued a Notice of Pretrial Conference, which directed the plaintiff to "(i) notify all attorneys in this action by serving upon each of them a copy of this notice and the court's individual practices forthwith, and (ii) to file poof of such notice with the Court." ECF Dkt. No. 7. The Notice also instructs counsel that if they "are unaware of the identity of counsel for any of the parties

the parties in this action. Plaintiff first contacted the defendant in July 2017 by delivering a draft complaint and demand letter to a P.O. Box for a principal of the defendant. Soon thereafter, an attorney for the defendant spoke with plaintiff's attorney, Richard P. Liebowitz. That attorney offered to settle the case, and informed Mr. Liebowitz that the alleged infringing photograph had been removed from defendant's website. Mr. Liebowitz represented that he would present the settlement offer to his client for his consideration. Mr. Liebowitz did not call back or respond to the defendant's offer. Instead, plaintiff filed this action in October.

On November 8, defendant's current counsel spoke with plaintiff's counsel. In this second call, defendant's counsel again attempted to reach a settlement, and also noted that the defendant had not yet been served. Although plaintiff's counsel promised to respond to this offer of settlement, he did not do so.

The next day, on November 9, 2017, this Court issued a Notice of Pretrial Conference, which directed the plaintiff to "(i) notify all attorneys in this action by serving upon each of them a copy of this notice and the court's individual practices forthwith, and (ii) to file poof of such notice with the Court." ECF Dkt. No. 7. The Notice also instructs counsel that if they "are unaware of the identity of counsel for any of the parties

[they] must forthwith send a copy of the notice and practices to that party personally."

Despite speaking directly with defendant's counsel, Mr. Liebowitz did not serve the Notice of Pretrial Conference on either defendant's counsel or defendant. Nor did he serve defendant directly with the Complaint or inquire if defense counsel would accept service on behalf of the defendant. Instead, plaintiff served the defendant through the Secretary of State on December 12, 2017. ECF Dkt. No. 8. Service did not include the Notice of Pretrial Conference, even though the Notice was issued on November 9.

Defendant's principal, Mr. Ahmetaj, learned of the Pretrial Conference through the Electronic Case Filing system ("ECF"), and appeared at 500 Pearl Street on January 19. Defendant had not been informed by plaintiff's counsel that the Pretrial Conference had been adjourned, or that plaintiff intended to file a motion for default judgment. Defendant's counsel submitted a letter to the Court on January 24, outlining the history of communication between the parties and requested that the Court order plaintiff to show cause why the plaintiff should not be required to post security for costs. ECF Dkt. No. 11.

Also on January 24, about seven hours after the appearance of defense counsel's letter on ECF, Mr. Liebowitz filed a letter stating that the "parties have reached a settlement in

3

principle" and requested that the "Court administratively dismiss the action with leave to reopen the case by April 1, 2018."  ECF Dkt. No. 12.  Accordingly, it is hereby

ORDERED that plaintiff's request to administratively dismiss the case is denied.  A status letter regarding this action is due February 25, 2018.

IT IS FURTHER ORDERED that, by Friday February 2, 2018, Richard P. Liebowtiz shall show cause why he should not be sanctioned pursuant to Rule 11, Fed. R. Civ. P., and this Court's inherent power for the following:

1) failure to serve the November 9, 2017 Notice of Pretrial Conference;

2) the misrepresentations and omissions in his January 13, 2018 letter; and

3) costs needlessly imposed on the defendant.


Dated:   New York, New York
         January 26, 2018

                                   _____
                                           DENISE COTE
                                   United States District Judge