UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAUL STEEGER<br><br>          Plaintiff,<br><br>- against -<br><br>JMS CLEANING SERVICES LLC<br><br>          Defendant. | Docket No. 17-cv-8013 (DLC) |

**GOOD FAITH DECLARATION OF RICHARD LIEBOWITZ, ESQ. IN RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT ISSUE PURSUANT TO RULE 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE AND THE COURT'S INHERENT POWER**

  I, RICHARD LIEBOWITZ, swear under the penalty of perjury that the following is true and correct to the best of my personal knowledge.

  1. I am an attorney duly admitted to practice law in the State of New York and in this Judicial District.

  2. I serve as lead counsel for Plaintiff Paul Steeger ("Plaintiff" or "Steeger") in the above-referenced action.

  3. I submit this good faith declaration in response to the Court's Order to Show Cause.

  4. I respectfully request that the Court decline to impose sanctions for the reasons set forth in the accompanying memorandum of law.

**Liebowitz Law Firm**

5.     Liebowitz Law Firm ("LLF") is a boutique law practice which specializes in enforcing the rights of photographers and other copyright holders whose protected work has been infringed by commercial entities.

6.     As such, LLF serves the dual function of enforcing private rights of action as well as vindicating the public interest by helping to clearly demarcate the boundaries of intellectual property.

**My Attempt to Resolve the Case Without Litigation**

7.     In late July 2017, research analysts employed by LLF identified an unauthorized use of one of Plaintiff's photographs by Defendant. This particular image, of a stylized leaf dipped in a pool of water, has been infringed multiple times by commercial entities throughout the United States, as well as internationally, and has therefore acquired significant market value.

8.     LLF promptly mailed the Defendant a draft complaint at its publicly listed address in an attempt to resolve the dispute without litigation.

9.     In early August 2017, I received a telephone message from Bernard Weinreb, Esq., who identified himself as counsel for Defendant.

10.    On August 4, 2017, I e-mailed Mr. Weinreb to set up a conference call to discuss resolution. Attached as Exhibit A is a true and correct copy of the e-mail chain, dated August 4 to August 7, 2017.

11.    On August 7, 2017, at approximately 3pm, I spoke to Mr. Weinreb by telephone. *See* Exhibit A. As is my custom and practice, I made the initial settlement demand on behalf of my client. Mr. Weinreb told me that he would consult with his client and get right back to me. However, I did not hear back from him.

12. On September 6, 2017, I e-mailed Mr. Weinreb to follow up on Plaintiff's initial settlement demand. Attached as <u>Exhibit B</u> is a true and correct copy of the e-mail, dated September 6, 2017.

13. I did not receive an immediate response to my September 6 e-mail. Eventually, Mr. Weinreb called me and counter-offered what I can only describe as a pittance.

14. After consulting with my client, and given that Defendant was unwilling to pay anywhere near the fair market value for the photograph, I decided to file a copyright infringement action to protect my client's rights, as well as to vindicate the public interest.

**Attempts to Serve the Complaint**

15. On October 18, 2017, I filed a copyright infringement claim on behalf of my client against Defendant for unauthorized use of Plaintiff's photograph. [Dkt. #1]

16. On October 19, 2017, the Clerk of Court issued the summons. [Dkt. #5]

17. That same day, on October 19, 2017, at 9:44 pm, I e-mailed a copy of the complaint, exhibits attached thereto, civil cover sheet and summons to Gotham Process Server ("Gotham") and asked for "RUSH SERVICE" upon Defendant. Attached as <u>Exhibit C</u> is a true and correct copy of the e-mail chain, beginning October 19, 2017.

18. On October 20, 2017, Gotham confirmed receipt of my e-mail from the day prior. [Ex. C, p. 1]

19. On November 6, 2017, at 12:18 pm, I e-mailed Gotham asking whether an affidavit of service had been completed. [Ex. C, p. 2]

20. On November 6, 2017, at 12:30 pm, Gotham e-mailed me stating "we are still attempting service, address is a private house – no answer" [Ex. C, p. 2]

21. On November 7, 2017, at 12:29 pm, Gotham e-mailed me stating "After numerous attempts made, we found the principal of defendant owns this house but rents out to tenants. Tenants said he sometimes parked his van here but they never see him" . [Ex. C, p. 3]

22. On November 7, 2017, at 12:31 pm, Gotham e-mailed me and suggested that the complaint be served via the secretary of state. [Ex. C, p. 3]

23. Given the fact that Defendant could not be found at its place of business, on November 7, 2017, at 12:55 pm, I e-mailed Defendant's counsel, Bernard Weinreb, and asked "Are you able to accept process? If so, I also attached a waiver of service for you to sign and return." I also e-mailed Mr. Weinreb true and correct copies of the complaint w/exhibits, summons, civil cover sheet. [Ex. C, p. 3]

24. On November 7, 2017, at 2:03 pm, Defendant's first counsel, Bernard Weinreb, responded "I will check with my client and, hopefully, let you know." However, <u>Mr. Weinreb never responded to my request to waive service</u>. [Ex. C, p. 3]

25. Instead, on November 8, 2017, I received a telephone call from Stephanie Adwar who identified herself as Defendant's counsel. She asked me whether we could resolve the dispute and wanted to know if Plaintiff had an initial demand to settle the case. I stated my client's demand to Ms. Adwar, as I had previously with Mr. Weinreb, and asked (once again) whether Defendant would be willing to waive service of process. Ms. Adwar said she would check with her client concerning a counter-offer, as well as whether Defendant would be willing to waive service. Ms. Adwar did not leave her telephone number or address, and did not identify the law firm with which she was associated.

26. I never heard back from Ms. Adwar with respect to the issues of settlement or service of process. Ms. Adwar never filed a notice of appearance.

4

27. On November 9, 2017, the Court entered a Notice of Initial Pre-Trial Conference (the "Conference Notice"). [Dkt. # 7]. I promptly entered the date on my Google calendar.

28. On November 23, 2017, after two weeks passed with no communication whatsoever from Mr. Weinreb nor Ms. Adwar, I instructed Gotham to serve, via the Secretary of State, the same set of documents I had previously transmitted to Gotham on October 19, 2017. [Ex. C, p. 5]

29. When I gave the instructions to Gotham to serve the summons and complaint on the Secretary of State, I should have also included a copy of the Conference Notice. Unfortunately, I inadvertently forgot to do so and apologize to the Court for my honest mistake.

30. On December 12, 2017, service upon Defendant was effectuated by Gotham via the Office of Secretary of State. [Dkt. # 9]. Accordingly, pursuant to Rule 12(a)(1)(A)(i), Defendant's response to the complaint was due January 2, 2018.

31. On December 15, 2017, Gotham forwarded me the Affidavit of Service. [Ex. C., p. 6]

**Defendant's Failure to Respond or Appear**

32. In the 21 day period between December 12, 2017, when the complaint was served, and January 2, 2018, when Defendant's response was due, Defendant's counsel failed to contact me to request an extension of time to respond. Had Defendant contacted me, I certainly would have granted an extension.

33. On January 11, 2018, I filed the Affidavit of Service.

34. On January 13, 2018, having not heard anything from Defendant or *either* of its counsel for over two months, I requested that the Initial Case Management Conference be adjourned because Defendant had failed to respond to the complaint and failed to defend the

action. [Dkt. #9]. I sincerely did not believe that the Court required any information from me at that time other than the fact that the Defendant was in default for failing to answer or appear.

35. My purpose for requesting an adjournment was to conserve judicial resources and save my client the expense of attending a hearing on a case where defendant was in default.

**I swear under the penalty of perjury that the foregoing is true and correct to the best of my personal knowledge.**

Valley Stream, New York
Dated: February 2, 2018

<u>s/richardliebowitz/</u>

Richard Liebowitz

*Counsel for Plaintiff*