UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X 1:17-cv-8013

PAUL STEEGER,

                                    Plaintiff,

    -against-

JMS CLEANING SERVICES, LLC

                                    Defendant.
------------------------------------------------------------------------X

**AFFIRMATION IN OPPOSITION TO ORDER TO SHOW CAUSE WHY RULE 11 SANCTIONS SHOULD NOT ISSUE**

      I, STEPHANIE FURGANG ADWAR, an attorney at law, make the following statement under penalty of perjury:

      1.     I am a partner with the firm of Furgang & Adwar, L.L.P.  I make this affirmation upon my personal knowledge.  This affirmation is not intended to be an appearance in the action, but is made pursuant to NY ST RPC Rule 8.4 for the purpose of correcting the false and misleading assertions made by Mr. Leibowitz in his order to show cause why Rule 11 sanctions should not issue against him.

      2.     On January 25, 2018, this Court ordered Plaintiff's counsel to show cause why Rule 11 sanctions should not issue against him due to his failure to serve the Notice of Pretrial Conference, misrepresentations in his letter of January 13, 2018, and costs needlessly imposed upon the Defendant.  In doing so, Plaintiff's counsel made a number of misrepresentations and false allegations.  While our client is not able to afford our appearance in this matter, we have a duty of

candor to the Court and an ethical obligation to alert the Court that the facts as asserted by Mr. Leibowitz are erroneous. We do so without charge to our client and at our own expense.

       3.      Mr. Leibowitz sets forth facts which he alleges not only support his failure to advise Defendant or its representatives about the Notice of Pretrial Conference, but also attempts to besmirch Defendant and present the Defendant as a purposeful service dodger who is responsible for additional costs incurred by Plaintiff. This is absolutely absurd and is contradicted by the facts.

       4.      This is the case of a photograph of a leaf which Defendant downloaded from a free download site and put on its mom and pop office cleaning website to indicate "green" cleaning services. The copyright for the photo was not filed until well after the allegedly infringing use. There are numerous similar photos online that license for around $12.00, making this a de minimus case.

       5.      Immediately upon receiving the draft complaint, Defendant took the picture down and asked an attorney who had helped Defendant with some business matters in the past, Bernard Weinreb, Esq., to contact Mr. Leibowitz to help settle the claim. He did so, but was not successful in settling the claim.

       6.      Mr. Leibowitz represents to the Court that he asked Defendant's prior attorney to accept service on Defendant's behalf. This is accurate and can be evidenced by the email sent in September to Mr. Weinreb which is attached to Mr. Leibowitz' motion. However, as Mr. Leibowitz knows, the day after he requested that Mr. Weinreb accept service, Defendant hired new counsel to handle the matter. As Mr. Weinreb was no longer representing Defendant in this matter, he did not respond.

7. On November 8, 2017, JMS Cleaning Services, LLC, retained my firm to review the dispute. On that date, I telephoned Mr. Leibowitz *with my client in the room* and discussed possible settlement. I offered a settlement figure that my client and I thought more than fair. Mr. Leibowitz disagreed. I told him to speak with his client as is his ethical duty and get back to me. He agreed.

8. Mr. Leibowitz erroneously represents that in our call of November 8, 2017, he asked if I would accept service on Defendant's behalf. He alleges that I said that I would "check with my client concerning a counter-offer, as well as whether Defendant would be willing to waive service" and that he never heard back from me. These representations are false. While I did tell Mr. Leibowitz that my client had not yet been served, I received no response from him to such statement. And I did not need to check anything with my client about a settlement figure *or* service of process, because my client's principal was sitting not more than 2 feet from me during the entire call and Mr. Leibowitz had not left me with anything to ask. The way I left it with Mr. Leibowitz was that *he* was to contact his client and get back to *me*. That never happened. I never heard from him again.

9. After November 8, 2017, my client, unable to afford to retain my services to appear in the action, decided to wait to either hear from Mr. Leibowitz regarding settlement or wait to be served. Until served, Defendant had no obligation to do anything.

10. Mr. Leibowitz describes how the process server failed to find Defendant and therefore, recommended service of the Secretary of State. However, a simple Google search provides Defendant's address on the HomeAdvisor.com site which appears on the first page of a search. (See Google search pages attached hereto as Exhibit A).

11. Mr. Leibowitz falsely represents that I accessed the ECF system on November 9, 2017, and learned of the Notice of Pretrial Conference. This is incorrect and I never made any such

representation. I did not access the ECF system for my client until early-December when Defendant contacted me because it had still not been served, and to ask if Mr. Leibowitz had contacted me with a response or counter-offer to our settlement offer. It was at that time that I learned of this Court's Notice of Pretrial Conference for the first time. At that time, Defendant did not believe it had been served (indeed, it had not), and as Plaintiff had not responded to my settlement offer and had not sent me or my client the Notice of Pretrial Conference as ordered by the Court, Defendant decided to continue to wait for service.

12.     Mr. Leibowitz, attempting to fault an unretained attorney for the mess his lack of candor and games have caused, alleges that somehow this is our firm's fault for not accessing the ECF system for "over two months" (between the dates he erroneously alleges I initially accessed the site and January 12, 2018) (emphasis in original). This is irrelevant and incorrect. It was about a month later, on January 12, that my client called me and asked me to log in to ECF. I did and saw that the Affdavit of Service had been filed with the Secretary of State that day (had I logged in earlier, I never would have seen that filing and would never have known that Defendant had been served by serving the Secretary of State.). Mr. Leibowitz faults my firm for failing to contact him immediately when we learned of the service of process. However, I did not learn of the filing until late on Friday, the 12th, and I left for Los Angeles for business on the morning of Sunday, the 14th. As far as we knew, there was to be a conference before this Court on the 19th of January. Since I was out of the state on business until the 18th and my client could not afford my services, I recommended that, at the very least, Defendant should go to the conference alone. Had I known that the conference had been adjourned I would have advised my client not to appear on the 19th.

13. Mr. Leibowitz characterizes Defendant as a service dodger who has attempted to delay the proceedings which has resulted in an increase in Plaintiff's costs. This is erroneous. If that was Defendant's intent, it would not have had two different attorneys try to negotiate settlement and it would not have shown up at Court on the 19th for a conference that had been adjourned.

14. As I have previously represented to this Court in my letter of January 24, 2018, our firm was retained as local counsel before Judge Abrams in another de minimus copyright case filed by Mr. Leibowitz. In that case, Mr. Leibowitz also failed to serve the Notice of Pretrial Conference upon Defendant. (See letter to Judge Abrams attached as Exhibit B) And in that case, when Judge Abrams ordered Mr. Leibowitz to file an order to show cause why a bond should not issue to cover the costs of the case, he did not do so and, instead, dismissed the case. My client had intended to address the Court on the 19th and request that a bond be issued for costs for this case, hoping for the same result. Instead, the conference had been adjourned and Defendant never had an opportunity to present its argument before the Court.

15. On January 24, 2018, I wrote the Court to advise of these circumstances and to request that a bond for costs be issued. In response, Mr. Leibowitz contacted me and asked if we could settle the matter. Interestingly, in that call I brought up to Mr. Leibowitz that he could have found my client's address with a simple Google search. I also mentioned that he did not contact me to accept service of process. He did not disagree but stated that he had no obligation to do so. That was why I was surprised when he alleged in his motion that he asked for my permission to accept service. I also reminded him in that call of his failure to serve the Notice of Pretrial Conference on Defendant and the fact that he did not bother to try to send it to me. He, again, asserted that he had no such obligation.

16. In that same call with Mr. Leibowitz, I advised him that his client did not have a claim for statutory damages or attorneys' fees because the Defendant had been using the photo since 2013, years before the filing of the copyright registration. In response to this, Mr. Leibowitz asked me "am I supposed to take your word on that?" I was surprised. As litigators, we often use sites like the Wayback Machine, internet archive, which caches pages from websites routinely and from which factual allegations of timing can be checked. A simple check of the Wayback Machine (which I sat on the phone and talked him through) showed that as of September 20, 2013, the photo was on the site (See page attached as Exhibit C). This means that Mr. Leibowitz filed a de minimus case with reckless disregard of the fact that his client would be limited to only actual damages.

17. On January 24, 2018, Mr. Leibowitz advised the Court that the parties had reached a settlement in principle, and requested an administrative dismissal, although one of the terms of settlement were that a dismissal with prejudice be filed.

18. In response to that letter, this Court, *sua sponte* ordered Mr. Leibowitz to show cause why sanctions should not issue against him.

19. We respectfully request that the Court grant Defendant its costs and attorney's fees and renew the request that this Court order Plaintiff to show cause why a bond for costs should not be issued, or in the alternative, dismiss this matter outright.

        /Stephanie Furgang Adwar/
STEPHANIE FURGANG ADWAR
For the Firm
Furgang & Adwar, L.L.P.
2 Crosfield Avenue
West Nyack, NY 10994
(914) 353-1818

February 5, 2018