

11 Sunrise Plaza, Ste. 305
Valley Stream, NY 11580
(516) 233-1660
www.LiebowitzLawFirm.com

February 12, 2018

**VIA ECF**

Honorable Denise L. Cote
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:     *Steeger v. JMS Cleaning Services, Inc.,* 1:17-cv-08013 (DLC)

Dear Judge Cote:

We represent plaintiff Paul Steeger ("Plaintiff") in the above-referenced action. We write pursuant to the Court's order, dated February 6, 2018 [Dkt. # 17], in which Your Honor ordered Plaintiff to respond to Defendant JMS Cleaning Service Services, Inc. ("Defendant"), request for attorneys' fees (upon an unspecified legal basis) and for a bond under L.R. 54.2.

On the same day Your Honor entered the Order, we conducted a telephonic meet-and-confer with Ms. Stephanie Adwar, counsel for Defendant. Counsel agreed that because the parties had already entered into a settlement in principle to fully resolve this matter, *with each party to bear its own attorneys' fees and costs*, Defendant would stay its request for attorneys' fees and for a security bond pending the memorialization of settlement. Our agreement with Ms. Adwar is reflected in her letter to the Court, dated February 6, 2018 [Dkt. #13], in which she states that Defendant "would like to proceed with that settlement agreement" and that any response of Plaintiff's counsel "should be limited to addressing the Court's decision and order of whether to issue Rule 11 sanctions." [Dkt. # 13].

In light of the foregoing, Plaintiff respectfully requests that Plaintiff's response to Defendant's request for attorneys' fees and a security bond be continued until such time as the parties have advised the Court that settlement has failed and the case will proceed.

With respect to the pending *sua sponte* Order to Show Cause under Fed.R.Civ.P. 11 [Dkt. # 13], we aver that the submissions to the Court on February 2, 2018 [Dkts. # 14-15] conclusively demonstrate that undersigned counsel acted in good faith at all times in prosecuting the default. In attempting to serve the summons and complaint, a process which was initiated only one day after receiving the summons from the Clerk, Defendant could <u>not</u> be found at its ordinary place of business and could <u>not</u> be found through its registered address with the New York Secretary of State.





Moreover, despite being represented by two separate counsel, Bernard Weinreb and Stephanie Adwar, the undisputed documentary evidence shows that <u>Defendant refused to waive service</u> of the complaint for no other reason than to increase the cost of litigation and delay this proceeding. [Dkt. # 15, Declaration of Richard Liebowitz, ¶¶ 23-24, Ex. C] Through this glaring abuse of judicial process, coupled with Ms. Adwar's refusal to file a Notice of Appearance to defend the action, Defendant triggered its own default.

With respect to the Notice of Initial Case Management, Ms. Adwar affirms that, despite being retained on November 8, 2017, she "did not access the ECF system for my client until early December [2017]." [Dkt. #16, ¶ 11]. In her earlier letter to the Court [Dkt. #11], Ms. Adwar suggested that she had accessed the docket on ECF a month earlier upon being retained to conduct an investigation. Regardless of whether Ms. Adwar logged onto ECF on November 8, 2017 when her firm was initially retained, or not until a month later in "early December," the fact remains that Defendant had ample Notice of the Initial Case Management conference at least 6-7 weeks prior to the scheduled date of January 19, 2018. Thus, by Defendant's own admission, it did not suffer any prejudice as a result of Plaintiff's oversight in not serving the Notice of Initial Case Management Conference [Dkt. #7].

In sum, the record demonstrates that undersigned counsel acted in good faith in prosecuting this default against a defendant who could not be found, who refused to waive service, and whose counsel failed to make an appearance despite being retained more than two months before the conference date. Conversely, there is no evidence on the record to support a *sua sponte* Rule 11 order for sanctions, which requires a clear-cut showing of bad faith "akin to contempt." *In re Pennie & Edmonds LLP*, 323 F.3d 86, 90 (2d Cir. 2003). Nor is there any factual basis to support the imposition of sanctions pursuant to the Court's inherent power, which requires a showing that an attorney "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 111 S.Ct. 2123, 2132, 115 L.Ed.2d 27 (1991).

For the foregoing reasons, the undersigned counsel respectfully requests that the Court decline to impose sanctions in this matter.

Respectfully Submitted,

**/richardliebowitz/**
Richard Liebowitz

*Counsel for Plaintiff Paul Steeger*