UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAUL STEEGER,<br>        Plaintiff,<br><br> - against -<br><br><br>JMS CLEANING SERVICES LLC,<br><br>        Defendant. | Docket No. 17-cv-8013 (DJC)<br><br>ECF CASE |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION OR REARGUMENT PURSUANT TO LOCAL RULE 6.3 AND RULE 60(b)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Pursuant to Local Civil Rule 6.3 and Rule 60(b)(1) of the Federal Rules of Civil Procedure, Plaintiff Paul Steeger ("Plaintiff" or "Steeger"), via counsel, hereby submits this memorandum of law in support of Plaintiff's Motion for Reconsideration or Reargument of the District Court's Order, dated February 28, 2018, which imposed monetary sanctions against Plaintiff's counsel, Richard Liebowitz, in the amount of $10,000. [Dkt. # 22, Order, p. 4]

The Court's imposition of a $10,000 sanction is clear-cut judicial error on two grounds: (1) Rule 11(c)(2)(B) provides that monetary sanctions may not be awarded on the court's initiative where the order to show cause was entered after the parties settled the claim; and (2) the Supreme Court's decision in *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 197 L. Ed. 2d 585 (2017) requires that any monetary sanction pursuant to a court's inherent power be compensatory (rather than punitive) in nature. Accordingly, the Court's order should be vacated under Rule 60(b) and the Clerk of Court should be instructed to refund Mr. Liebowitz $10,000.

1

## BACKGROUND

Liebowitz Law Firm, PLLC ("LLF") is a boutique law practice which specializes in enforcing the rights of working-class photographers, artists and authors whose protected work has been infringed by commercial entities. [Dkt. # 15, Declaration of Richard Liebowitz ("Liebowitz Declr."), ¶ 5]  As such, LLF serves the dual function of enforcing private rights of action as well as vindicating the public interest by helping to clearly demarcate the boundaries of intellectual property. [*Id.* at ¶ 6]

On October 18, 2017, Liebowitz filed a copyright infringement claim on behalf of his client against Defendant JMS Cleaning Services LLC for unauthorized exploitation of Plaintiff's registered photograph. [Dkt. #1]

On November 7, 2017, after the process server was unable to serve the summons and complaint on Defendant at its place of business, Liebowitz contacted Defendant's first counsel, Bernard Weinreb, and asked Defendant to waive service [Dkt. #15, Liebowitz Declr., ¶ 24]. However, Defendant failed to respond. [*Id.*]

On November 9, 2017, the Court entered a Notice of Initial Pre-Trial Conference [Dkt. # 7]. Shortly thereafter, Defendant's second counsel, Stephanie Adwar, became aware of the conference by logging onto ECF. [Dkt. # 11]

On December 12, 2017, service upon Defendant was effectuated via the Office of Secretary of State. [Dkt. # 9]

On January 11, 2018, Liebowitz filed the Affidavit of Service. [Dkt. # 8]

On January 13, 2018, having not heard anything from Defendant or its counsel for over two months, Liebowitz requested that the Initial Case Management Conference be adjourned

because Defendant had failed to respond to the complaint, failed to defend the action, and failed to file a Notice of Appearance. [Dkt. #9; Liebowitz Declr., ¶ 34]

On January 24, 2018, Liebowitz advised the Court that the parties had reached a settlement in principle and asked the Court to enter an order to administratively dismiss the action to allow the parties 30 days to consummate. [Dkt. #12; *see also* Exhibits A and B attached hereto evidencing that the parties agreed to settle the case at 6:23 p.m. on January 24, 2018]

On January 26, 2018, the Court denied the parties' request to administratively dismiss the case and ordered Liebowitz "to show cause why he should not be sanctioned pursuant to Rule 11 Fed.R.Civ.P. and this Court's inherent power for the following: 1) failure to serve the November 9, 2017 Notice of Pretrial Conference; 2) the misrepresentations and omissions in his January 13, 2018 letter; and 3) costs needlessly imposed on the defendant." [Dkt. #13]

On February 2, 2018, Liebowitz submitted his opposition to sanctions. [Dkt. #14-15]

On February 22, 2018, the case was voluntarily dismissed with prejudice. [Dkt. #20]

On February 28, 2018, the Court "ORDERED that, pursuant to this Court's inherent authority, and having weighed the factors listed in the Advisory Committee Notes to the 1993 Amendment to Rule 11, sanctions shall be imposed on Richard Liebowitz in the amount of $10,000." [Dkt. #22, p. 10]

On March 6, 2018, Liebowitz paid $10,000 to the Clerk of Court. [Dkt. #23]

## ARGUMENT

**POINT I:** **UNDER RULE 11(c)(2)(B), MONETARY SANCTIONS MAY NOT BE AWARDED ON THE COURT'S INITIATIVE WHERE THE ORDER TO SHOW CAUSE WAS ENTERED AFTER THE PARTIES' SETTLEMENT**

To the extent monetary sanctions were imposed pursuant to Rule 11 of the Federal Rules of Civil Procedure, such imposition contravenes the express language of Rule 11(c)(2)(B) which

3

provides:

> (B) *Monetary sanctions may not be awarded on the court's initiative unless the court issues its order to show cause before* a voluntary dismissal or *settlement of the claims* made by or against the party which is, or whose attorneys are, to be sanctioned.

Fed.R.Civ.P. 11(c)(2)(B) (emphasis added).

Here, the record shows that the Court's Order to Show Cause under Rule 11, dated January 26, 2018 [Dkt. #13] was issued only AFTER the parties settled the case upon notification to the Court on January 24, 2018 [Dkt. #12] (stating that "the parties have reached a settlement in principle"); *see also* Exhibits A and B attached hereto (evidencing that the parties agreed to settle the case as of 6:23 p.m. on January 24, 2018). Accordingly, by its own express language, Rule 11(c)(2)(B) forecloses the Court's imposition of monetary sanctions pursuant to its *sua sponte* Rule 11 order to show cause.

**POINT II:   UNDER SUPREME COURT LAW, SANCTIONS IMPOSED UNDER THE COURT'S INHERENT POWER MUST BE COMPENSATORY – NOT PUNITIVE – IN NATURE**

To the extent the $10,000 sanction was imposed pursuant to the Court's inherent power, such imposition constituted a usurpation of judicial authority under the Supreme Court's decision in *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 197 L. Ed. 2d 585 (2017), which held that a sanctions order under a federal court's inherent power, when imposed pursuant to civil procedures, must be compensatory rather than punitive in nature. As per the Supreme Court:

> Federal courts possess certain inherent powers, including "the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.,* 501 U.S. 32, 44–45, 111 S.Ct. 2123, 115 L.Ed.2d 27. One permissible sanction is an assessment of attorney's fees against a party that acts in bad faith. Such a sanction must be compensatory, rather than punitive, when imposed pursuant to civil procedures. See *Mine Workers v. Bagwell,* 512 U.S. 821, 826–830, 114 S.Ct. 2552, 129 L.Ed.2d 642. A sanction counts as compensatory only if it is "calibrate[d] to [the] damages caused by" the bad-faith acts on which it is based. *Id.,* at 834, 114 S.Ct. 2552. Hence the need for a court to establish a causal link between the litigant's misbehavior and legal fees paid by the opposing party. That kind of

4

causal connection is appropriately framed as a but-for test, meaning a court may award only those fees that the innocent party would not have incurred in the absence of litigation misconduct.

*Goodyear Tire & Rubber Co.*, 137 S. Ct. at 1182.

Thus, in civil proceedings, the U.S. Supreme Court has expressly prohibited district courts from imposing monetary sanctions against attorneys on a strictly punitive basis. "Such a sanction <u>must</u> be compensatory, rather than punitive, when imposed pursuant to civil procedures." *Goodyear Tire & Rubber Co.*, 137 S. Ct. at 1182 (emphasis added).

Here, in direct contravention of Supreme Court law, the $10,000 sanction imposed by the District Court against Mr. Liebowitz was wholly punitive in nature - not compensatory. This is evidenced by the fact that: (a) the Court ordered Mr. Liebowitz to pay the penalty to the Clerk of Court (not the Defendant) [Dkt. #22, p. 10]; and (b) Defendant failed to submit any legal invoices to prove up its costs. [Dkt. #11, 16 and 18]  The amount of $10,000 awarded by the Court was strictly punitive in nature and bears no relation to any costs incurred by Defendant as a direct cause of the alleged misconduct. The District Court has therefore exceeded its authority.

## CONCLUSION

Whether analyzed under Rule 11 or the court's inherent power, the District Court made a clear-cut mistake by imposing a $10,000 punitive sanction against Mr. Liebowitz. Accordingly, the law requires that the Court's Order [Dkt. # 22] be vacated pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure and that the Clerk of Court be instructed to refund the $10,000 to Mr. Liebowitz or the Liebowitz Law Firm, PLLC, jointly and severally.

Respectfully Submitted,

LIEBOWITZ LAW FIRM, PLLC

**/richardliebowitz/**
Richard Liebowitz, Esq.

Liebowitz Law Group PLLC
11 Sunrise Plaza, Ste. 305
Valley Stream, NY 11580

*Counsel for Plaintiff Paul Steeger*