UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                         :
PAUL STEEGER,                            :
                         Plaintiff,      :    17cv8013(DLC)
                                         :
             -v-                         :    OPINION AND ORDER
                                         :
JMS CLEANING SERVICES, LLC,              :
                                         :
                         Defendant.      :
                                         :
----------------------------------------X

APPEARANCES
For the plaintiff:
Richard Liebowitz
Liebowitz Law Firm, PLLC
11 Sunrise Plaza, Suite 301
Valleystream, NY 11580

DENISE COTE, District Judge:

An Opinion and Order of February 28 imposed $10,000 in sanctions on Richard Liebowitz and his law firm pursuant to Rule 11, Fed. R. Civ. P., and this Court's inherent power, payable to the Clerk of Court. Steeger v. JMS Cleaning Servs. LLC, No. 17cv8013(DLC), 2018 WL 1136113 (S.D.N.Y. Feb. 28, 2018). On March 9, the plaintiff moved for reconsideration and an order vacating the February 28 Order.[1] The motion is granted in part.

---

[1] Although the notice of motion purports to require the defendant to submit any opposition to this motion by March 26, the sanctions were imposed pursuant to an order to show cause issued by the Court. The defendant is under no obligation to respond to this motion for reconsideration. The action against the defendant was dismissed with prejudice on February 22.

Mr. Liebowitz will be required to complete by July 31, 2018 continuing legal education ("CLE") coursework giving him 4 additional CLE credit hours in ethics and professionalism beyond those required by the New York State bar authorities. In addition, the monetary sanction in the amount of $10,000 is reduced to $2,000.

In his motion for reconsideration, Mr. Liebowitz argues that the February 28 Opinion errs in two respects. First, he argues that a court may not sua sponte issue an order to show cause under Rule 11(c)(2)(B), Fed. R. Civ. P., after the parties have settled their claims.[2] The parties notified the Court that they had reached a "settlement in principle" on January 24, and the Court issued the order to show cause why sanctions should not be imposed on January 26. Second, plaintiff argues that the Court may only impose compensatory and not punitive sanctions under its inherent powers. These issues will be addressed in turn.

Rule 11(c)(5)(B) provides:

> The court must not impose a monetary sanction . . . on its own, unless it issued a show-cause order under Rule 11(c)(3) before voluntary dismissal or settlement of the claims made by or against the party that is, or whose attorneys are, to be sanctioned.

---

[2] The provision of Rule 11 at issue appears in subsection (c)(5), not in the subsection on which the motion relies, that is, subsection (c)(2).

Fed. R. Civ. P. 11(c)(5)(B). As the Advisory Committee Notes explain, "[p]arties settling a case should not be subsequently faced with an unexpected order from the court leading to monetary sanctions that might have affected their willingness to settle or voluntarily dismiss a case." Fed. R. Civ. P. 11, advisory committee notes (1993).

The January 26 order to show cause was triggered by the information contained in a January 24 letter from an attorney representing the defendant. On January 24, at 11:38 am, the defendant's counsel filed an application for an order to show cause why the plaintiff should not be required to post security as a condition for proceeding further.[3] The letter recited the history of communications between Mr. Liebowitz and the defendant's attorney and disclosed, <u>inter alia</u>, that Mr. Liebowitz had never served the Notice of Pretrial Conference on the defendant, and had never responded to the defendant's settlement offer. This letter apparently prompted Mr. Liebowitz to contact the defendant's attorney. After 6 p.m. that afternoon,[4] the parties reached their agreement to settle the

---

[3] The defendant's counsel made a limited appearance in order to file the January 24 letter.

[4] Mr. Liebowitz has attached two emails sent after 6:00 pm to his motion for reconsideration. One reflects that defense counsel had reached her client, who agreed to pay an amount in settlement in two installments. As reflected in his own email, Mr. Liebowitz accepted the offer within ten minutes.

3

lawsuit.  In his brief letter to the Court of January 24, filed at 6:28 pm,[5] Mr. Liebowitz advised that the parties "have reached a settlement in principle and respectfully request that this Court administratively dismiss the action with leave to reopen the case by April 1, 2018 to allow Defendant to make the settlement installments."  Before January 24, the Court had been informed that the plaintiff wished to seek entry of a default judgment against the defendant:  through an Order of January 16, the motion for entry of the default was due to be filed on January 26.  In light of the parties' settlement, no such motion was filed.  The Court, however, did not administratively close the case.  Instead, on January 26, the Court issued its Order directing Mr. Liebowitz to show cause why he should not be sanctioned.

It is unclear whether Rule 11(c)(5)(B) limits a court's authority to impose monetary sanctions sua sponte for conduct that violates Rule 11 in circumstances like those at issue here. There was no dismissal or settlement before the order to show cause was issued.  The same day that the misconduct was brought to the Court's attention, the defendant notified the Court only that it had reached a settlement in principle.  The order to show cause giving Mr. Liebowitz notice of the sanctions was

---

[5] Mr. Liebowitz filed the letter to the Court five minutes after he accepted the defendant's settlement offer.

4

issued promptly -- just two days later. The case was not dismissed pursuant to the settlement until nearly four weeks later. But it is unnecessary to resolve this issue. Any limitation imposed by (c)(5)(B) does not restrict a court's authority to impose non-monetary sanctions. The February 28 Opinion is therefore vacated to the extent it based the $10,000 sanction on Rule 11. Instead, pursuant to Rule 11 and the Court's inherent powers, Mr. Liebowitz will be required to attend a CLE ethics program.

Mr. Liebowitz also argues that Goodyear Tire & Rubber Co. v. Haeger, 137 S. Ct. 1178 (2017), requires that any monetary sanctions imposed pursuant to a court's inherent power be compensatory rather than punitive. Therefore, he argues, the sanctions had to paid to the defendant based on the costs incurred by the defendant as a result of the misconduct by plaintiff's counsel, and could not be paid to the Clerk of Court. He is wrong.

In Goodyear, the Supreme Court held that sanctions in the form of attorneys' fees granted under a court's inherent power must be limited to the fees incurred as a result of the offending behavior. Id. at 1186. The defendant in Goodyear had withheld test results requested by the plaintiff in discovery, and was sanctioned by the court for litigation misconduct. Id. at 1184. Because the chosen sanction was the reimbursement of

5

legal fees and costs incurred by the plaintiff, the plaintiff was allowed to recover "the portion of his fees that he would not have paid but for the misconduct." Id. at 1187 (citation omitted).

But, as the Court acknowledges, attorneys' fees are but "one permissible sanction" available when a court exercises its inherent powers "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Id. at 1186 (citation omitted). The nature of the $10,000 sanction imposed here is not an award of attorneys' fees to compensate the defendant. Instead, as the February 28 Opinion makes clear, the sanction is to be paid to the Clerk of Court. The sanction was imposed under the Court's "inherent power to manage its own affairs," and specifically to "sanction misconduct by an attorney that involves that attorney's violation of a court order or other misconduct that is not undertaken for the client's benefit." United States v. Seltzer, 227 F.3d 36, 41-42 (2d Cir. 2000) (citation omitted). Such sanctions may be appropriate when a lawyer, through negligence or recklessness, fails "to perform his or her responsibility as an officer of the court." Id. at 41.

It is troubling that the motion for reconsideration continues the pattern of omissions and misrepresentations that has plagued Mr. Liebowitz's earlier submissions in this action.

6

In setting forth the background to his motion for reconsideration, he repeats misleading or inaccurate statements that he made in earlier submissions. For example, he indicates that defendant's first counsel never responded to Mr. Liebowitz's request on November 7 to waive service, but fails to mention that he was contacted the very next day, on November 8, by new counsel for the defendant (who had the defendant with her during the telephone call) and that he never asked that new counsel whether the defendant would waive service. As another example, Mr. Liebowitz indicates that he did not hear anything from that new defense counsel in the two months that followed, without revealing that it was Mr. Liebowitz himself who owed defense counsel a return call to indicate whether the plaintiff would accept the settlement offer made by the defendant in the November 8 call. Each of these errors was previously pointed out by the defendant's attorney and Mr. Liebowitz has never disputed the accuracy of those representations by defense counsel.

It is also noteworthy that the motion for reconsideration does not engage with the facts that undergird the February 28 imposition of sanctions. For instance, Mr. Liebowitz does not dispute that in at least three separate cases in this district he failed to serve the notices of initial conference, thereby failing to comply with three separate court orders. Nor does he

7

express any regret or acknowledgement that he has failed to adhere to the standards expected of officers of this court.

Taking this motion for reconsideration as an opportunity to craft sanctions that will more directly address the deficiencies in performance described above and deter their repetition, the sanctions are modified as follows. The monetary sanctions imposed on February 28 are reduced to $2,000 and are imposed solely under the Court's inherent powers. The Court also imposes an educational sanction under both its inherent powers and Rule 11, Fed. R. Civ. P. Mr. Liebowitz must complete by July 31, 2018 four CLE credit hours in ethics and professionalism in addition to the amount required biennially by the New York State bar authorities.

Dated: New York, New York
March 14, 2018

_____
DENISE COTE
United States District Judge